**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **CRESSALYN EVANS,**<br><br>                         **Plaintiff,**<br><br>**v.**<br><br>**CENTURY LINK CORPORATION,**<br><br>                         **Defendant.** | **REPORT AND RECOMMENDATION**<br><br>**Case No.  2:12cv343**<br><br>**District Judge David Nuffer**<br><br>**Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge David Nuffer pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court are (1) Cressalyn Evans's ("Plaintiff") motion for leave to amend the complaint,[2] (2) Century Link Corporation's[3] ("Defendant") motion to dismiss Plaintiff's complaint,[4] and (3) Defendant's motion to dismiss Plaintiff's proposed amended complaint.[5]  The court has carefully reviewed the motions and memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District

---

[1] *See* docket no. 8.

[2] *See* docket no. 11.

[3] According to Defendant, there is no entity named CenturyLink Corporation.  Plaintiff was an employee of Qwest Corporation ("Qwest"), which is an indirect subsidiary of CenturyLink, Inc.  Qwest, however, has consented to be substituted for CenturyLink in this matter.  *See* docket no. 5 at 1 n.1.

[4] *See* docket no. 4.

[5] *See* docket no. 16.

Court for the District of Utah Rules of Practice, the court elects to consider the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

## I.  BACKGROUND

Plaintiff filed her complaint ("Original Complaint") against Defendant in Utah state court seeking relief under the Americans with Disabilities Act ("ADA"), *see* 42 U.S.C. §§ 12101 to 12213; Title VII of the Civil Rights Act of 1964 ("Title VII"), *see* 42 U.S.C. § 2000e-2; and the Family Medical Leave Act ("FMLA"), *see* 29 U.S.C. §§ 2601 to 2654.[6]  Plaintiff also seeks relief under 28 U.S.C. § 1983, claiming Defendant violated the 14th Amendment of the United States Constitution.[7]  Defendant timely removed the case to this court.[8]

In the Original Complaint, Plaintiff argues that Defendant failed to promote her, and later terminated her employment, because of her gender and disability.  In response, Defendant filed a motion to dismiss,[9] arguing that "Plaintiff fails to allege a prima facie case of discrimination on the basis of disability or gender and does not allege facts sufficient to maintain a claim under the FMLA."[10]  Defendant also asserts that Plaintiff's 28 U.S.C. § 1983 claim must be dismissed because "Plaintiff makes no allegation that . . . Defendant is the 'State' for purposes of a 14th Amendment violation."[11]  Plaintiff subsequently filed a motion for leave to amend the Original

---

[6] *See* docket no. 1 at Exhibit 1.

[7] *See id.*

[8] *See id.*

[9] *See* docket no. 4.

[10] Docket no. 5 at 2.

[11] *Id.*

Complaint.[12]  Defendant responded with a motion to dismiss the proposed amended complaint

("Amended Complaint").[13]

## II.  DISCUSSION

### A.  Plaintiff's Motion for Leave to Amend

The court will first consider Plaintiff's motion for leave to amend.[14]  As an initial matter,

the court notes that Plaintiff did not file a memorandum in support of her motion for leave to

amend, and the proposed Amended Complaint is slightly reorganized but contains no substantive

additions or changes.  Defendant objects to Plaintiff's motion for leave to amend on the grounds

that the proposed Amended Complaint is futile.  Specifically, Defendant contends that the

proposed Amended Complaint would be subject to dismissal because "Plaintiff continues to fail

to address or provide factual allegations for her FMLA or gender discrimination claims" and her

claims are "insufficient to state a claim upon which relief may be granted."[15]

Under rule 15(a)(2) of the Federal Rules of Civil Procedure, "a party may amend its

pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P.

15(a)(2).  Courts "should freely give leave when justice so requires," *id.*, and may refuse leave to

amend only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or

dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of

---

[12] *See* docket no. 11.

[13] *See* docket no. 16.

[14] *See* docket no. 11.

[15] Docket no. 17 at 2-3.

amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quotations and citation omitted).  Additionally, a "proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (quotations and citations omitted).  Accordingly, Plaintiff's motion is governed by the motion to dismiss standard pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 12(b)(6).

Under rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  *Id.*  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Curly v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) (quotations and citation omitted).  In particular, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).  "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"  *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (alterations in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Essentially, courts should "'look for plausibility in the complaint.'"  *Alvarado*, 493 F.3d at 1215 (alteration omitted) (quoting *Bell Atl. Corp.*, 550 U.S. at 564).

Because Plaintiff is proceeding pro se, the court will "construe [her] pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers."  *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).  Nevertheless,

> "[t]he broad reading of the plaintiff's complaint does not relieve
> the plaintiff of the burden of alleging sufficient facts on which a

> recognized legal claim could be based.  Not every fact must be
> described in specific detail, . . . and the plaintiff whose factual
> allegations are close to stating a claim but are missing some
> important element that may not have occurred to him, should be
> allowed to amend his complaint . . . . Nevertheless, conclusory
> allegations without supporting factual averments are insufficient to
> state a claim on which relief can be based."

*Id.* (alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

Relying on these standards, the court will "make some allowances for the [pro se] plaintiff's

failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax

and sentence construction, or [her] unfamiliarity with pleading requirements."  *Garrett v. Selby

Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotations and citation omitted).

However, it is not "the proper function of the district court to assume the role of advocate for the

pro se litigant."  *Id.* (quotations and citation omitted).  This court "cannot take on the

responsibility [of] constructing arguments and searching the record" on behalf of Plaintiff.  *Id.*

### 1. Americans with Disabilities Act

Plaintiff contends that Defendant discriminated against her because of her attention

deficit hyperactivity disorder ("ADHD") in violation of the ADA.  Plaintiff also states that in

November 2010, she discovered a tumor and nine cysts in her breasts, requiring a partial

mastectomy.

The ADA provides that "[n]o covered entity shall discriminate against a qualified

individual on the basis of disability in regard to job application procedures, the hiring,

advancement, or discharge of employees, employee compensation, job training, and other terms,

conditions, and privileges of employment."  42 U.S.C. § 12112(a).  To establish a prima facie

case of discrimination under the ADA, Plaintiff must demonstrate that she "(1) is a disabled

person as defined by the ADA; (2) is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) suffered discrimination by an employer or prospective employer because of that disability." *Kellogg v. Energy Safety Servs. Inc.*, 544 F.3d 1121, 1124 (10th Cir. 2008) (citation omitted). The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

Plaintiff's proposed Amended Complaint does not contain any allegation that she is a qualified individual with a disability and that she was discriminated against because of that disability. Plaintiff's main contention is that she is a smoker and that "it's hard for her to be seated too long" because of her ADHD.[16] Plaintiff does not provide any facts or allegations that she was discriminated against *because of* her ADHD. Instead, Plaintiff's proposed Amended Complaint provides merely an inference that she was treated differently because she is a smoker. For instance, Plaintiff asserts that she was informed by a supervisor that her "[s]moking [was an] issue and [that] she [was] no longer allowed to leave her desk besides on [her] scheduled breaks."[17] Plaintiff alleges this treatment was discriminatory because "numerous other [non-smoking] team members [were allowed to] go down stairs [sic] and grab breakfast."[18] Plaintiff also complains that her desk was moved so her managers "could see her" to ensure she was "not

---

[16] Docket no. 11 at 2. This is Plaintiff's only reference to ADHD.

[17] *Id.*

[18] *Id.*

on a smoke break."[19]  Plaintiff has failed to provide any support that smoking is an ADA-protected disability or that she suffered any disability-related discrimination.

In addition, Plaintiff also fails to allege that either her ADHD or breast tumor substantially limits or interferes with a major life activity and only notes that the ADHD makes it difficult for her to be seated too long.  The proposed Amended Complaint contains no facts that Plaintiff notified her employers of her ADHD or breast tumor, that she requested accommodation for her ADHD or breast tumor, or that she suffered discrimination because of her ADHD or breast tumor.  *See Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1171-72 (10th Cir. 1999) (holding that the federal regulations implementing the ADA "envision an interactive process" that "begin[s] with the employee providing notice to the employer of the employee's disability and any resulting limitations, and expressing a desire for reassignment if no reasonable accommodation is possible in the employee's existing job" (quotations and citation omitted)).  Plaintiff does not assert that she was regarded as having an impairment based on her ADHD or breast tumor.

Moreover, numerous courts, including the Tenth Circuit, have concluded that ADHD does not limit major life activities sufficiently to raise a claim under the ADA.  *See Johnson v. Sedgwick Cnty. Sheriff's Dept.*, 461 Fed. App'x 756, 753 (10th Cir. 2012) (holding that the plaintiff failed to provide any evidence that ADHD substantially limited a major life activity); *see also Knapp v. City of Columbus,* 192 Fed. App'x 323, 330 (6th Cir. 2006) (concluding that firefighters with ADHD are not disabled within meaning of ADA absent evidence that they were substantially limited in major life activities); *Bercovitch v. Baldwin Sch., Inc.*, 133 F.3d 141, 155

---

[19] *Id.*

(1st Cir. 1998) (noting that a plaintiff with ADHD was not impaired in learning where he never experienced significant academic difficulties).[20]

In sum, even under the liberal pleading standards granted to pro se parties, Plaintiff has failed to allege sufficient facts or allegations to support a discrimination claim under the ADA, and her proposed Amended Complaint would be subject to dismissal for failure to state a claim.

### 2.  Title VII

Plaintiff also filed a claim under Title VII, claiming discrimination based on gender. Under Title VII, it is unlawful for an employer to "discriminate against any individual with respect to . . . terms, conditions, or privileges of employment, because of such individual's . . . sex."  42 U.S.C. § 2000e-2(a)(1).  To establish a prima facie case of discrimination, Plaintiff must show (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was qualified for her position; and (4) that her termination took place under circumstances giving rise to an inference of discrimination.  *See EEOC v. PVNF, LLC*, 487 F.3d 790, 800 (10th Cir. 2007).  Additionally, Plaintiff is required to link her complaints to discrimination based on gender, rather than simply complaining about the general environment in which she worked.  *See Montabon v. City & Cnty. of Denver*, 83 F. App'x 265, 266 (10th Cir. 2003).

Although Plaintiff has properly alleged that she is a member of a protected class and has suffered an adverse employment action, she has failed to allege any conduct or circumstances that give rise to an inference of discrimination based on gender.  Although Plaintiff has alleged that she was denied promotions and favorable assignments, her proposed Amended Complaint

---

[20] Each of these cases applied case-specific facts.  They did not hold, as a matter of law, that ADHD was not a disability protected by the ADA.

does not provide any facts or allegations linking her termination or failure to be promoted to gender discrimination.  The proposed Amended Complaint also does not allege any statements, comments, or conduct from which the court can infer gender-based hostility.  Rather, Plaintiff's proposed Amended Complaint sets forth circumstances that lead to an inference that she was terminated for poor job performance.  Specifically, Plaintiff notes that she was terminated for "violating company policy," that she did not meet her "required call volume," and that she was reprimanded for "low sales numbers."[21]

Accordingly, this court concludes that Plaintiff's amended Title VII cause of action would be subject to dismissal for failure to state a claim.

### 3.  Family Medical Leave Act

Plaintiff also argues that Defendant interfered with her rights under the FMLA.  The FMLA allows a qualified employee to take up to twelve weeks of leave during a twelve-month period "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee."  29 U.S.C. § 2612(a)(1)(D).  The FMLA also provides that an employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]."  29 U.S.C. § 2615(a)(1).  In addition, employers may not "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the FMLA]."  *Id.* § 2615(a)(2).  To establish an interference claim under the FMLA, the Plaintiff must show (1) that she "was entitled to FMLA leave, (2) that some adverse action by the employer interfered with [her] . . . right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of

---

[21] Docket no. 11 at 2-4.

[her] FMLA rights." *Sabourin v. Univ. of Utah*, 676 F.3d 950, 958 (10th Cir. 2012) (second alteration in original) (quotations and citation omitted).

Plaintiff's proposed Amended Complaint does not contain any facts or circumstances indicating that Defendant interfered with Plaintiff's rights under the FMLA or that her discharge was discriminatory under the FMLA.  Specifically, she has not provided any facts that she was entitled to FMLA leave or that her discharge was related to any request for FMLA leave. Plaintiff only states that she had a partial mastectomy prior to her termination.  However, she fails to allege that she requested FMLA leave, that she was denied FMLA leave, or that she was terminated as retaliation or to interfere with FMLA leave.  Finally, Plaintiff does not allege that Defendant is subject to the statutory jurisdiction of the FMLA.  *See* 29 U.S.C. § 2611(4).

Plaintiff has failed to allege sufficient facts or allegations to support an FMLA interference or retaliation action.   As such, this court concludes that Plaintiff's claim under the FMLA would be subject to dismissal for failure to state a claim upon which relief may be granted.

### 4.  14th Amendment

In order to assert a claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Here, Plaintiff has not alleged Defendant acted under color of a state or local government.  Nor is it likely that Plaintiff could provide sufficient facts that Defendant, a private corporation, acted under the color of state law when it terminated her.  Accordingly, this

amended claim would also be subject to dismissal for failure to state a claim upon which relief may be granted.

In sum, Plaintiff's allegations fail to state a claim for relief against Defendant for violations of the ADA, Title VII, FMLA, and the 14th Amendment.  This court concludes that Plaintiff, even under the liberal pleading standards accorded pro se plaintiffs, "cannot prevail on the facts [s]he has alleged and it would be futile to give h[er] an opportunity to amend." *Curly*, 246 F.3d at 1281 (quotations and citation omitted).  Accordingly, this court recommends that Plaintiff's motion for leave to amend her complaint be **DENIED**.

### B.  Defendant's Motions to Dismiss

In its two motions to dismiss,[22] Defendant seeks the dismissal of Plaintiff's Original Complaint, as well as her proposed Amended Complaint.  Because the court recommends that Plaintiff's motion for leave to amend be denied, the court likewise recommends that Defendant's motion to dismiss the Amended Complaint be rendered **MOOT**.

Defendant argues that Plaintiff's Original Complaint should be dismissed for failure to state a claim under rule 12(b)(6) because (1) Plaintiff has failed to allege a prima facie case of discrimination under either the ADA or Title VII, (2) she has not alleged any facts supporting a claim under the FMLA, and (3) Defendant is not a state actor as required for relief under 42 U.S.C. § 1983.  As noted above, Plaintiff's Original Complaint is essentially identical to her proposed Amended Complaint.  In her untimely opposition to Defendant's motion to dismiss the Original Complaint, Plaintiff argues that her "complaint states a claim for declaratory and injunctive relief under 42 U.S.C. § 1983 and the plaintiffs have standing to bring their claims,

---

[22] *See* docket nos. 4 and 16.

[sic] because O.C.G.A § 16-9-93.1 (1996) threatens an immediate and irreparable denial of the plaintiffs' [sic] rights."[23]

While the court could grant Defendant's motion for Plaintiff's failure to timely file her opposition, *see* DUCivR 7-1(d) ("Failure to respond timely to a motion may result in the court's granting the motion without further notice."), out of an abundance of caution, the court will address Plaintiff's opposition to Defendant's motion to dismiss.  First, Plaintiff cites to "O.C.G.A. § 16-9-93.1,"[24] which is a Georgia criminal statute prohibiting the use of a false identity in the course of transmitting "data through a computer network."   Ga. Code Ann. § 16-9-93.1(a).   This statute is not mentioned in either the Original Complaint or the proposed Amended Complaint.  The court agrees with Defendant's assessment that the Georgia statute "appears to be wholly irrelevant to the issue at hand."[25]  Nothing in either complaint contains any fact, claim, or allegation regarding the unlawful use of a false identity in the course of transmitting data through a computer network.

Second, as the Amended Complaint and Original Complaint are nearly identical, this court concludes that Plaintiff's allegations in her Original Complaint also lack supporting factual averments and are insufficient to state a claim upon which relief can be provided.  Thus, for the reasons set forth in Subsection A above, this court recommends that Defendant's motion to dismiss the Original Complaint be **GRANTED.**

---

[23] Docket no. 10 at 1.

[24] *Id.*

[25] Docket no. 15 at 3.

### III.  CONCLUSION AND RECOMMENDATION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

(A)     Plaintiff's motion for leave to amend the Original Complaint[26] be **DENIED**,

(B)     Defendant's motion to dismiss the proposed Amended Complaint[27] be rendered **MOOT**, and Defendant's motion to dismiss the Original Complaint[28] be **GRANTED.**

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1).  The parties must file any objection to this Report and Recommendation within fourteen (14) days after receiving it.  *See id.*  Failure to object may constitute waiver of objections upon subsequent review.

**IT IS SO ORDERED.**

DATED this 8th day of March, 2013.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[26] *See* docket no. 11.

[27] *See* docket no. 16.

[28] *See* docket no. 4.